UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| JAMES EDWARD TAYLOR,<br><br>   Petitioner,<br><br>   v.<br><br>JOE LIZZARAGA,<br><br>   Respondent. | Case No. 16-cv-03170-LB<br><br>**ORDER TO STAY PROCEEDINGS AND ADMINISTRATIVELY CLOSE CASE**<br><br>[Re: ECF Nos. 1, 4, 8 ] |

James Edward Taylor filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and applied to proceed *in forma pauperis*. He consented to proceed before a magistrate judge. (ECF No. 7.[1])

Mr. Taylor now moves for a stay and abeyance so that he may exhaust state court remedies for several unidentified claims. (ECF No. 8.) Mr. Taylor requests a stay under *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), correctly noting that a petitioner does not need to show good cause to obtain such a stay.

There are two kinds of stays available in a habeas action: the *Rhines* stay and the *King/Kelly* stay. A stay under *Rhines v. Weber*, 544 U.S. 269 (2005), "is only appropriate when the district

---

[1] Record citations refer to materials in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. *Id.* at 277-78. The *King/Kelly* stay is the second kind of stay and is an alternative method to deal with a petitioner who has some unexhausted claims he wants to present in his federal habeas action. Under the procedure outlined in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." *King v. Ryan*, 564 F.3d 1133, 1134 (9th Cir. 2009) (citing *Kelly*, 315 F.3d at 1070-71). A petitioner seeking to avail himself of the *Kelly* three-step procedure is not required to show good cause as under *Rhines*, but rather must eventually show that the amendment of any newly exhausted claims back into the petition satisfies both *Mayle v. Felix*, 545 U.S. 644, 655 (2005), by sharing a "common core of operative facts" and *Duncan v. Walker*, 533 U.S. 167 (2001), by complying with the statute of limitations. *Id.* at 1141-43.

Here, Mr. Taylor does not satisfy the requirements for a *Rhines* stay because he does not attempt to show good cause for failing to exhaust all the claims before filing the federal petition, that the unexhausted claims are not meritless, or that he was not engaged in intentionally dilatory litigation tactics. *See Rhines*, 544 U.S. at 277-78. The court therefore will not grant a *Rhines* stay.

Mr. Taylor satisfies the only currently applicable requirement for a *King/Kelly* stay, i.e., the petition has no unexhausted claims. Mr. Taylor's motion for a stay and abeyance therefore is GRANTED. (ECF No. 8.) Whether Mr. Taylor's new claims will relate back to the petition will be decided when he returns after exhausting state court remedies and moves to amend his petition to add those newly-exhausted claims. Mr. Taylor must be diligent in his efforts to exhaust his state court remedies for any unexhausted claims and must return to federal court within thirty days of a final decision by the state courts on those claims. *See Kelly*, 315 F.3d at 1070.

1   For the foregoing reasons, this action is now STAYED and the clerk shall
2   ADMINISTRATIVELY CLOSE the action. Nothing further will take place in this action until Mr.
3   Taylor exhausts any unexhausted claims and, within thirty days of doing so, moves to reopen this
4   action, lift the court's stay and amend his petition to add the newly exhausted claims.

5   Mr. Taylor's *in forma pauperis* application is GRANTED. (ECF No. 4.)

6   **IT IS SO ORDERED.**

7   Dated:   August 16, 2016            _____
                                        LAUREL BEELER
8                                       United States Magistrate Judge

3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EDWARD TAYLOR,<br>　　　　　Plaintiff,<br>　　v.<br>JOE LIZZARAGA,<br>　　　　　Defendant. | Case No.  3:16-cv-03170-LB<br><br>**CERTIFICATE OF SERVICE** |

　　　I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

　　　That on August 16, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

James Edward Taylor ID: AM-0437
Mule Creek State Prison B9-128-UP
PO Box 409040
Ione, CA 95640

Dated: August 16, 2016　　　　　　　　　　Susan Y. Soong
　　　　　　　　　　　　　　　　　　　　　　Clerk, United States District Court


By:_____
Lashanda Scott, Deputy Clerk to the
Honorable LAUREL BEELER

4